First case in our call this morning is agenda number 11. Case number 108297 People of the State of Illinois v. Miles Smith. Council may proceed. Good morning, your honors. May it please the court, my name is Caroline Borland and I represent the appellant Miles Smith. Mr. Smith was assessed a $20 preliminary examination state's attorney fee under section 542002.1a of the county's code. A preliminary examination is the specific hearing where a judge determines whether the state's evidence shows specific probable cause to prosecute the defendant. Since Mr. Smith did not receive a preliminary examination this court should vacate the $20 fee against him. Statutes are to be enforced so that the plain meaning within the statute is given its common and ordinary meaning. The common and ordinary meaning of a preliminary examination could not be clearer. Although it is not defined explicitly in the county's code, the legislature has defined a preliminary examination in the code of criminals procedure. Specifically section 51093 of article 109 of the code defines this hearing as the hearing where a judge determines whether it shall hold the defendant to answer to the court if from the evidence it appears there's probable cause to believe that an offense has been committed by the defendant. It further describes that witnesses will be examined at this hearing and that the defendant will testify at the hearing. Even beyond article 109 and article 111 of the code it notes that the legislature notes that the state may not proceed by information unless the hearing provided in section 51093 defined as a preliminary examination has been held. Thus in the code of criminal procedure a preliminary examination is the specific hearing where a judge determines whether probable cause exists to prosecute the defendant. When interpreting statutes, statutes that govern the same subject matter and contain the same words should be given the same definition. The code of criminal procedure is the source of all criminal proceedings. Therefore the definition of a preliminary examination within those proceedings should be the same definition that is governed by the It seems your argument is that the fee schedule in the county's code the legislature must have been referring to article 109 right? Yes. And that article is entitled preliminary examination and you want this court to say that it's referring to 109 instead of 1093 which is also entitled to preliminary examination right? Yes we believe article 109 is entitled preliminary examination and all of the sections within that hearing relate to the preliminary examination but we're asking this court to define it as specifically under 1093 which is the preliminary examination where probable cause is held. Right and the the preliminary examination which encompasses both you was first enacted as part of the code of criminal procedure in 1963 right? Yes but I would maintain that the preliminary examination is specifically defined in 1093 and that the other sections within article 109 are meant to relate to the preliminary examination but they are not an additional. Is there any problem with that argument when the fee schedule that we're talking about there was contained in section 8 of an act concerning fees and penalties that predates the adoption of the Code of Criminal Procedure of 1963? Is there anything inconsistent about that argument since the fee schedule predates the article that you want us to look at in determining which preliminary examination terminology we're going to use? I was under the impression that the county's code specifically to issue dealing with state's attorneys was enacted in 1989 but are you saying that I may be wrong on that point and if I am wrong I would say that this is where preliminary examinations is comes in as the term of art. These hearings have always been referenced as a preliminary examination before and after the Code of Criminal Procedure. Is it a preliminary examination or preliminary hearing? It is often used synonymously. Courts refer to it as a preliminary hearing and in fact the legislature does as well. Specifically we'll relate when talking about 1093 in section 1093.1 the court relates to this as a preliminary examination but then in article 111 when talking about 1093 it talks about a preliminary hearing so courts the courts and statute the legislature do use that term synonymously and where that term is specifically defined as preliminary examination as the probable cause hearing that is the same hearing which commentators and courts have always referred to as a preliminary examination. Illinois courts when referencing this hearing will talk about it will refer to it as a preliminary examination. Authors of treatises that explain Illinois criminal procedure will also note that the hearing at which a judge determines whether probable cause to prosecute the defendant exists is labeled as a preliminary examination in Illinois and even outside of Illinois as we've explained in the briefs every state that uses the term preliminary examination and those that use the term preliminary hearing note that these hearings are synonymous and they are the probable cause hearing where a judge determines if the evidence is sufficient to prosecute the defendant. So when the legislature chose this specific term which is defined by the legislature in Code of Criminal Procedure and used consistently as a plain meaning or as a legal term of art in Illinois and outside of Illinois it must have intended to reference the specific preliminary examination. The state notes that preliminary examination should not be given its common meaning in the county's code because of this language held to bail or recognizance. Thus according to the state with this language the legislature must have been intending to reference the initial presentment of a defendant under section 1091. It is true that the defendant is first admitted to bail or recognizance at this initial presentment proceeding. It is also true that the decision on whether to continue to hold the defendant on bail or recognizance is made at the preliminary examination. Section 1093 describes that if a judge does not find probable cause it shall discharge the defendant but if the if the judge does find probable cause it shall hold the defendant to answer to the court. Thus when the legislature stated for preliminary examinations for each defendant held to bail or recognizance it was clearly intending that the fee be collected from those preliminary examinations where probable cause was found and the defendant was held to bail or recognizance. It would also be illogical to state that the legislature was actually intending to reference the presentment proceeding by using the term preliminary examination because it is at the presentment proceeding that the preliminary examination is scheduled. Had the legislature intended to reference this hearing any phrase other than the term preliminary examination given that it is defined in the same article as a different proceeding entirely would have worked. Instead the legislature chose preliminary examination which is defined in the Code of Criminal Procedure and is a legal term of art. Thus the legislature was clearly intending to reference this hearing and no words are rendered superfluous by giving this by enforcing the term is enforcing the statute as it is written. The state also notes that as a matter of policy to limit the definition of preliminary examination to its common meaning would not reimburse state's attorneys for their involvement at this initial presentment proceeding. Of course the plain language of the statute only authorizes the fee at preliminary examinations and that must be what controls. It is also perfectly consistent with the purpose of the county's code to collect the fee at the preliminary examination. The state's attorney has substantial involvement in a preliminary examination. This is the one hearing that is given specifically for a particular defendant. The state must present evidence or witnesses. The defendant appears with his counsel at these hearings and test that evidence and also presents his own evidence. A substantial amount of involvement comes with the state's attorney at this hearing. So where the purpose of the of the county's code as the parties agree is to reimburse state's attorneys for their involvement in criminal proceedings, it is logical that the legislature would choose to reimburse state's attorneys for their involvement in this proceeding. On the other hand, state's attorneys have little to minimal involvement at presentment proceedings. Gerstein requires that law enforcement bring defendants promptly before a judge without unnecessary delay. And further, at this hearing, which is a non-adversarial proceeding, unlike the preliminary examination, every task required to be performed is performed by the judge and not the state's attorney. The judge admits the defendant to bail, the judge reads the charges, the judge appoints counsel if necessary, and the judge schedules the actual preliminary examination. Thus, this is not a hearing that requires substantial involvement of state's attorneys and therefore it makes sense when the legislature chose the specific term preliminary examination, which is defined in the code as this hearing. I have a question counsel, it's something in your reply brief. You note that under 109.3.1 preliminary examinations are given where a defendant is charged with a felony regardless of whether the defendant is in custody or on bail or recognizance. You remember that? Yes. You then argue that the legislature, by using the phrase held to bail or recognizance, is simply describing the preliminary examination at which the state's attorney fee may be collected, right? And then also, yeah, we state that and specifically saying collect those fees when the defendant is still held to bail or recognizance. Are you arguing that the fee is not allowed for preliminary examinations of defendants in custody? I think if they're in custody and held to bail, certainly being held to bail does not imply that you're out of custody. You can be held to bail and not have posted bail and you would still be held to bail. So defendants who are in custody would still be charged the fee under that if they're held to bail. I, you know, the question is if they're not held to bail? Under the plain language I think that's where you would have to go. Can you give me a reason why the legislature would draw such a defendant held to bail is assumed to have, they have funds, so the legislature can collect funds from that regard? I'm not certain of why that would be the case, but I do know it's very few cases where defendants are not held to any terms of bail. I don't know why the legislature would have done that, but I under the plain language that is what it would suggest. So the fee is not if I, not under the plain language of the statute. I, this, if this court were to read in that held to bail or recognizance is a general legal term of art, implying held to the jurisdiction of the court, it certainly could be imposed against defendants, but under the plain language it seems to suggest that those defendants are not assessed the fee. And if this court has no additional questions, I think I've covered my points, I will conclude. With a purpose in conclusion, the language of section 542,002.1a could not be clear. It is a preliminary examination given to those defendants where a judge determines if there's probable cause to prosecute them. Since Mr. Smith did not receive a preliminary examination, we would respectfully request that this court vacate the fee. Good morning. I'm Janet Mahoney here on behalf of the people of the state of Illinois. The language not held to bail or recognizance actually supports the state's position that this is for a bail hearing. The $20 is to be assessed at the bail hearing if the judge determines that there's probable cause to detain and bail is assigned. Whether it be a signature bond, a cash bond, a percentage bond, the bail itself, whether you're allowed to come and go is not the distinction, it's that the bail has been assigned. Now if the judge determines that there isn't probable cause to detain, then you're not held on bail and you're free to go. It actually supports the position that the $20 should be assessed for the bail hearing. A bail hearing is required in every single case. A preliminary hearing is not. The state has the option to charge by indictment. If the goal is to compensate the state for proceedings that they must engage in, it makes sense that the $20 should be assessed for the bail hearing. In addition, the legislature chose to use the term held to bail or recognizance. That term should not be rendered meaningless by saying that it only applies to in two different ways within the same article. And counsel, I think I misspoke when I asked the opposing counsel the question and if I misled her, I apologize. Um, and maybe the question was better reserved for you with respect to what portion of the, uh, of 109 applies for purposes of this argument with preliminary examination. But the question does remain, you contend that when the legislature used the phrase preliminary examinations for each defendant held to bail or recognizance that the legislature must have been referring to article 109 as a whole, right? Which is entitled preliminary examination. Correct. And that includes the bail provision instead of the more specific section 1093, which opposing counsel corrected me that, um, that they're relying on, which is also entitled preliminary examination, right? Correct. All right. Article 109 and its section numbering system was added as part of the code of criminal procedure of 1963. But the fine provision was in effect long before that and was originally part of an act in relation to fees and salaries. So my question, which I, as I said, is better reserved for you than opposing counsel, is how can the legislature have been referring to article 109 as a whole when that article was not even in existence when the legislature enacted the fine provision? I believe the bill as it exists today was introduced in 1991 and signed into law in September of 1991. So they had the opportunity after the criminal code was enacted to go back and review, and they kept this language in there. Okay. So you're saying that the section eight of an act concerning fees and salaries was not an act, was not enacted prior to 109? Perhaps a different form was enacted prior to the criminal code, but I believe the form that it exists now was introduced in 1991. Okay. Thank you. Counsel, do you agree that the terms preliminary examination and preliminary hearing are applies to subsection three or section three of in terms of common practice in Illinois? In Illinois, courts commonly refer to the hearing where it's determined whether you're going to hold somebody over for trial as a preliminary hearing. In this subsection three, they refer to that as a preliminary examination. But as the article is entitled preliminary examination, it's used in a different way. And it's used to to refer to all preliminary examinations. Amongst the people that are working in these courts, don't they always refer to it as a preliminary hearing court? They do. Always. They do. As it applies to subsection three. Now when you go in for a bail hearing. I'm sorry. They don't say as applied to subsection three. They say preliminary hearing is a preliminary hearing. For a preliminary hearing, not for a bail hearing. A bail hearing is referred to as a bail hearing and happens to fall under the article entitled preliminary examination. I understand that that's your argument. I'm just saying that the word usage is such that the term that we are familiar with is preliminary hearing. Correct. Absolutely correct. And most people who are practitioners, when they hear when they would hear about a preliminary examination, they would think Not necessarily. In fact, this court referred to 109-1 as a preliminary examination in people versus bailers. So this court itself has used the term preliminary examination to refer to something other than a preliminary hearing. As a practical matter, counsel, can you assess the preliminary examination fee for twice against the same defendant? Once for a bail hearing and once for a probable cause hearing? As a practical matter, it certainly is a possibility because the statute, as it's written, states four preliminary examinations. It's used in the plural and anticipates that there may be more than one preliminary examination. And is the fee authorized if the defendant is denied bail? The fee is authorized if the defendant is denied bail because being denied bail is a form of bail. The statute says held to bail for recognizance. Because at that probable cause to detain determination, the bail hearing, the court can find that we don't have probable cause to detain and send the defendant on his way. So he is not held to bail. Well, why can't section 4-2002A, 1A, simply be read as referring to probable cause hearings for those defendants held to bail or recognizance? Your argument is that that language would be superfluous under their interpretation, right? That the language... The language held to bail or recognizance is rendered superfluous under the Brown interpretation. Absolutely. That's your position. Absolutely. It has no meaning. And another point to be... My question, keeping with that, is why can't that section, 4-2002, simply be read as referring to probable cause hearings for those defendants held to bail or recognizance? You could read it that way, or you could also read it as preliminary examinations as referring to the entire article 109 and referring to bail hearings and the probable cause to detain, as well as what's commonly known as a preliminary hearing. If the legislator intended this to only apply to section 109-3, they would have included that in the statute, as they did later on in the statute, where they wanted to refer to a particular section. They included a reference to a particular section. Here, there is not a limitation to a particular section of Article 109. They refer to it as a whole, as preliminary examinations. How do you respond to opposing counsel's argument that when you look at that section, all of them seem to involve significant work on the part of state's attorneys? Wouldn't it seem out of place to include bail hearings, which I think is her argument, the last portion of her argument, with the other types of proceedings for which state's attorneys are entitled to fees? I think the distinction is that we are required to have a bail hearing in each and every case. It's for, for example, the one that comes after for preliminary examinations for each defendant held to bail with cognizance, $20, for each examination of a party bound over to keep the peace. That's not a very involved proceeding. I believe it's for things that we have to do, things that must be done. A preliminary hearing is not a requirement. It's a way of charging, but it's not the only way of charging. A bail hearing is required, and therefore, the state should be compensated for things that they are required to do. It's the state's position that you need, we need to look at the code of civil procedure, criminal procedure rather, to assess the meaning of preliminary examination? No, absolutely not. You could look at it as it is because it's plain on its face that they intended bail hearings to be covered here. Unless you want to render these terms meaningless, it says for each cognizance, which means the defendant has had a bail hearing. Unless there are any other questions, it's the state's position based on the plain language of the county's code that, that, that the state is entitled to a $20 fee where there has been a bail hearing. There was a bail hearing here. The state was entitled to that $20 fee, and this court should uphold the appellate court. Thank you. The state references that bail hearings are required for every single defendant. That is why the reason, why the fact that preliminary examination is important. Since bail hearings are given for every single defendant, the legislature could have simply said, for every defendant held to bail or recognizance, $20, had that been what they intended to address. Instead, they chose the term for preliminary examinations for each defendant held to bail or recognizance, a term that has a specific meaning in the Code of Criminal Procedure. The legislature was clearly intending to reference this hearing in the code. Additionally, although the article is entitled preliminary examination, what this court held in Ballard was that the purpose of the entire article is to ensure all rights inherent in a preliminary examination. Section 1093 specifically defines the preliminary examination, and the other sections within that article work to ensure those rights together. Section 1093.1 provides the dates by which a preliminary examination must occur, and those dates are triggered by the presentment hearing. So it makes sense that the legislature included all of these statutes or sections within one examination, but then still defined the preliminary examination under Section 51093. One of your arguments is that the language held to bail or recognizance merely clarifies that no fee is assessed when probable cause is found to be lacking and the defendant is discharged, right? Yes. Doesn't Section 4-20021A also provide that all of the fees listed in the statute are quote, collected from the defendant, and goes on to say, upon conviction, so that even without the bail or recognizance language, this fee could never be collected from a defendant who was discharged, right? No, because the state can still seek a grand jury indictment if the finding is of no probable cause at the preliminary examination. So there will still be cases where a defendant will be discharged from a preliminary examination, and then the state would not be collected in that case, but this defendant would still be convicted if the state, if the indictment led to a conviction. The state also notes that preliminary examinations is pluralized, and I think that supports our argument because the pluralization of preliminary examinations is modified when it says for each defendant held to bail or recognizance, showing that not every preliminary examination is where the fee should be collected, but only those where the defendant is held to bail or recognizance. And finally, none of the clauses within section 4-2002.1A contain any reference to any codes. It is only in subsection B that the legislature contains a reference to any other code definition, and notably, those fees do not go to the state's attorney. They go to municipalities, so it makes sense that the legislature would cite the municipal code for that purpose. And since none of the, since none of the clauses in section, subsection A, contain any reference to the code, there must be a definition somewhere. The Code of Criminal Procedure defines criminal procedures, and it defines a preliminary examination as a probable cause hearing before a judge. So we would submit that the plain language is very clear that the legislature intended to reference preliminary examinations as defined in the Criminal Code, and since Mr. Smith did not receive that hearing, we request that this court vacate his fee. Thank you. Thank you, Counsel. Case number 108-297 will be taken under advisement as agenda number 11.